UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME MICHAEL SOLIS,

    Plaintiff,

    v.                                        CAUSE NO. 3:19-CV-860-RLM-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

OPINION AND ORDER

Jerome Michael Solis, a prisoner without a lawyer, filed a complaint alleging that the Defendants have provided him with constitutionally inadequate medical treatment for his asthma and sinus issues. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Solis alleges that his health care requests have gone "basically unanswered" by officials and medical professionals at the Westville Correctional Facility since the beginning of 2019. ECF 2 at 5. Mr. Solis complained in January 2019 of extreme post-nasal drip coupled with painful sinus congestion, but the staff simply referred him to another medical request form. ECF 2 at 5; ECF 2-1

at 1. In February, Mr. Solis experienced shallow breathing, pain, and profuse sweating while sitting on his bunk. ECF 2 at 4. Sgt. Deu saw him briefly and said he would be taken to medical, but it took over three hours to be seen by Wexford Medical Services. *Id.* Mr. Solis claims that Wexford acknowledged his asthma but not his interrelated . *Id.*

In July, Mr. Solis filed a grievance because his request to see an Ear, Nose, and Throat specialist for his preexisting sinus issues[1] had been denied. ECF 2 at 6; ECF 2-1 at 8. The response to the grievance says Dr. Liaw saw him on July 9, and prescribed prednisone and follow-up treatment. ECF 2-1 at 8. Mr. Solis admits that he received the steroids but claims that this didn't fully address the issues causing him pain. ECF 2 at 6.

At some point, although the complaint doesn't make it clear when, Mr. Solis was also prescribed a nebulizer treatment card that allowed him to get breathing treatments up to four times a day. *See* ECF 2-1 at 5, 7. In August, Nurse Salomon cancelled his nebulizer breathing treatments, which has made his sinus congestion and nasal drip "run wild." ECF 2 at 5. Records say it was Dr. Liaw who discontinued the treatments, but Mr. Solis alleges that this was only done after Nurse Salomon emailed Dr. Liaw and urged him to do so because she was aggravated with Mr. Solis's medical requests. ECF 2 at 5–6; ECF 2-1 at 2–3, 5.

---

[1] Mr. Solis attaches a request for healthcare form from December of 2018, which recommends follow-up with an ENT for rhinoplasty due to an old fracture and polyps in his nasal passages. ECF 2-1 at 9. Mr. Soilis indicates that this form was from the Reception Diagnostic Center in Indianapolis, before he transferred to Westville. ECF 2 at 6.

On September 5, Nurse Practitioner Jody Kupferberg saw Mr. Solis to discuss his blood pressure, sinus, and asthma conditions. ECF 2 at 6; ECF 2-1 at 7. Nurse Kupferberg refused to give him a breathing treatment, telling him that "[n]obody gets treatments everyday" and that prisons "don't fix anything." *Id.* Mr. Solis alleges that Nurse Kupferberg continues to deny him any treatment to this day. *Id.*

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Mr. Solis has stated a claim on which relief can be granted against Sgt. Deu under the Eighth Amendment With regard to the February incident. A delay

3

in providing treatment can constitute deliberate indifference when it causes unnecessary pain, and "[n]on-medical defendants cannot simply ignore an inmate's plight." Arnett v. Webster, 658 F.3d 742, 752-53 (7th Cir. 2011); see also Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008). Although it's not clear that Sgt. Deu was directly responsible for the three-hour delay in being seen by Wexford, when Mr. Solis is given the benefit of the inferences to which he is entitled at this stage, it can be plausibly inferred that Sgt. Deu was deliberately indifferent to his pain and urgent medical needs. M. Solis may proceed against Sgt. Deu in his individual capacity for monetary damages.

The same can't be said for the claims against Warden Galipeau, Sgt. Slatton, and Sgt. McGowan. Mr. Solis names them as defendants in the caption of his case and alleges that they are liable for the violations because they work for the Indiana Department of Correction, but he doesn't mention them in the facts section of his complaint. There is no general respondeat superior liability (an employer's liability for what the employee does) under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Id. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Because Mr. Solis hasn't articulated a basis for why he is suing these defendants, he hasn't stated claims for monetary damages against them.[2]

---

[2] Mr. Solis mentions John R. Harvil, the grievance officer at Westville, in the facts section of his complaint, but he doesn't name him as a defendant. ECF 2 at 5.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment doesn't entitle an inmate to a specific form of treatment, prison medical staff can't just continue with a course of treatment that is known to be ineffective. Greeno v. Daley, 414 F.3d 645, 654-55 (7th Cir. 2005). Delaying treatment for "non-life-threatening but painful conditions," refusing to provide prescribed medication, and/or deferring necessary referrals to a specialist can constitute deliberate indifference. Arnett, 658 F.3d at 753. Giving Mr. Solis the benefit of the inferences to which he is entitled at this stage, he has adequately alleged that Dr. Liaw, Nurse Salomon, and Jody Kupferberg were deliberately indifferent to his serious medical needs. He can proceed against them in their individual capacities for monetary damages.

Mr. Solis has sued Wexford along with the individual medical professionals. A private company performing a state function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). See Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing

---

Even if he had, the allegation that Mr. Harvil failed to adequately process his grievance requests doesn't state a claim on which relief can be granted. See Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015).

5

medical care at correctional facility). But, a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. Mr. Solis doesn't adequately identify any Wexford policy or practice that resulted in his allegedly inadequate care. Therefore, he has not stated a claim on which relief can be granted against Wexford.

Mr. Solis has also named the Indiana Department of Correction as a defendant. State agencies such as the Department of Correction are immune from suit pursuant to the Eleventh Amendment. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the state based on a cause of action when Congress has abrogated the state's immunity from suit; (2) suits directly against the state if the state waived its sovereign immunity; and (3) suits against a state official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here, so Mr. Solis can't proceed against the Indiana Department of Correction.

Mr. Solis also requests injunctive relief in the form of "proper medical care." ECF 2 at 7. "[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Solis may proceed against Warden Galipeau in his official capacity to obtain a permanent injunction

for constitutionally adequate medical care. That said, the specific injunctive relief Mr. Solis requests—namely, "care by professionals not connected to Wexford or I.D.O.C." (ECF 2 at 7)—can't be ordered even if it is ultimately determined that the treatment he is getting now is inadequate. While it is true that Mr. Solis must be provided with constitutionally adequate medical care, there might be several ways of doing so that don't involve sending him to outside medical professionals. Simply put, Mr. Solis can't dictate how such medical care is provided. See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); see also Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997) (Inmates are "not entitled to demand specific care [nor] entitled to the best care possible."). Injunctive relief—if granted—would be limited to requiring that Warden Galipeau ensure Mr. Solis receives medical treatment for his asthma and sinus issues to the extent required by the Constitution.

Mr. Solis asks for a preliminary injunction, but he didn't file a separate motion as this court's local rules require. See N.D. Ind. L.R. 65-1 ("The court will consider requests for preliminary injunctions only if the moving party files a separate motion for relief."). In the interests of justice, the court will consider his request but will defer ruling on the matter until Warden Galipeau has filed a

declaration in response to the request for preliminary injunctive relief and Mr. Solis has had a chance to reply.

Finally, Mr. Solis has filed a motion for summary judgment. That request is premature and must be denied because the defendants have no obligation to file an answer or otherwise respond to the complaint until the court has screened the case as required by 28 U.S.C. § 1915A. See 42 U.S.C. § 1997e(g)(2). Now that the case has been screened, Mr. Solis can modify his motion so that it only addresses the claims that survived screening.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 9);

(2) GRANTS Jerome Michael Solis leave to proceed against Sgt. Deu in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious asthma attack and/or breathing issue on February 14, 2019, in violation of the Eighth Amendment;

(3) GRANTS Mr. Solis leave to proceed against Jody Kupferberg, Nurse Salomon, and Dr. Liaw in their individual capacities for compensatory and punitive damages for failing to provide him with constitutionally adequate medical care for his serious asthma and sinus issues since January of 2019, in violation of the Eighth Amendment;

(4) GRANTS Mr. Solis leave to proceed against Warden Galipeau in his official capacity for injunctive relief to ensure Jerome Michael Solis receives constitutionally adequate medical care for his asthma and sinus issues, as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Sgt. Slatton, Sgt. McGowan, the Indiana Department of Correction, and Wexford Medical Services;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Galipeau, Sgt. Deu, Jody Kupferberg, Nurse Salomon, and Dr. Liaw at the Indiana Department of Correction with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS Warden Galipeau to respond to the request for preliminary injunction and file an affidavit or declaration with the court by **December 11, 2019**, explaining how Jerome Michael Solis's asthma and sinus issues are being addressed in a manner that satisfies the requirements of the Eighth Amendment; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Galipeau, Sgt. Deu, Jody Kupferberg, Nurse Salomon, and Dr. Liaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 21, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT